UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01194-SEP |
| FOCUS FEATURES LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are the following motions: Defendants Focus Features, Stay Gold Features, and Universal Pictures Home Entertainment's Motion to Dismiss, Docs. [18], [39]; Plaintiff's Motions for Recusal, Doc. [5]; Plaintiff's Motion for a Hearing, Doc. [22]; Plaintiff's Motions for Contempt, Docs. [23], [25]; and Plaintiff's Motion to Compel, Doc. [27]. For the reasons set forth below, Defendants' motion is granted, and Plaintiff's motions are denied.

### BACKGROUND[1]

Plaintiff alleges that his "copyrights [were] infringed" by Defendants in "2015 – 2016 and November 1, 2019[,] and January 2020." Doc. [1] at 12. He claims that a sales agent came to the St. Louis County Library and the Production companies made a movie from his script. *Id*. Plaintiff believes he is entitled to $20 million and three percent of all streaming revenue from the film *Harriett*. Doc. [1] at 8.

Plaintiff includes additional allegations in his "Memorand[u]m of Law in Support of a Motion for a State of Claim and Criminal Infringement." *See* Doc. [24]. Plaintiff states that his "copyrights [were] submitted in the year 2016[, but] because of a technical error [he] had to re-register and re-pay [his] copyright in 2020." *Id*. at 2. Plaintiff alleges that, "[a]round October or November of 2015 – 2016," he was at the library when an attorney from Universal Pictures approached him with a contract and flashed a check. *Id*. Plaintiff did not sign the contract because he "didn't like the deal." *Id*. According to Plaintiff, the attorney then asked for Plaintiff's script and told Plaintiff that he would come back with a better contract. *Id*. Plaintiff then "pulled the script up off [his] flash drive and gave it to him." *Id*. Plaintiff states that he

---

[1] For purposes of this Order, the Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

never heard from the attorney again.  *Id*.  A few years later, Plaintiff watched the movie *Harriett* and alleges that some of the scenes were "stripped" from his script "like you take parts off a car." *Id*.  Plaintiff claims that Defendants' actions have left Plaintiff "homeless and carless."  *Id*. at 3.

Plaintiff has previously filed four similar cases with this Court.  *See Jackson v. Universal Studios*, No. 4:23-cv-01386-SEP (E.D. Mo. 2023); *Jackson v. Universal Studios*, No. 4:21-cv-854-PLC (E.D. Mo. 2021); *Jackson v. TSG Entertainment*, No. 4:21-cv-927-RLW (E.D. Mo. 2021); *Jackson v. Universal (Studios) Pictures*, No. 4:23-cv-1101-PLC (E.D. Mo. 2023).  All were dismissed upon initial review.  *Id*.  The Court takes judicial notice of those earlier proceedings.  *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

Plaintiff has also filed several actions in state court alleging copyright infringement.  *See Jackson v. Warner Brothers Films*, No. 1922-CC11738 (22nd Jud. Cir. Oct. 15, 2019); *Jackson v. Universal Studio*, No. 20SL-CC00357 (21st Jud. Cir. Jan. 21, 2020); *Jackson v. Universal Studios*, No. 20SL-CC03946 (21st Jud. Cir. Aug. 7, 2020); *Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir. Jan. 21, 2020); *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st Jud. Cir. May 7, 2020).  The Court also takes judicial notice of those public records.  *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

## MOTION FOR RECUSAL

Plaintiff moves to recuse the undersigned because of an alleged conflict of interest arising out of Plaintiff's lawsuit against the undersigned.  *See Jackson v. Pitlyk*, No. 4:24-cv-00814-HEA (E.D. Mo. 2024).  In that case, Plaintiff claimed that the undersigned violated his civil rights when the undersigned dismissed Plaintiff's previous action.  *Jackson v. Pitlyk*, Doc. [1]. The Honorable Henry E. Autrey dismissed Plaintiff's complaint because it was "frivolous, malicious, and fail[ed] to state a plausible claim to relief."  *Jackson v. Pitlyk*, Doc. [4] at 5.

"A judge is not disqualified merely because a litigant sues or threatens to sue [her]." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *see* AMJUR JUDGES § 98 ("A judge is not disqualified merely because a litigant sues or threatens to sue the judge, on the ground that such an easy method for obtaining disqualification should not be encouraged or allowed."); *Buttercase v. Frakes*, 2019 WL 2231133, at 1 (D. Neb. May 23, 2019) (collecting cases).  Instead, "judges must evaluate each motion to decide whether under objective standards the judge's impartiality might reasonably be doubted."  *New York City Development Corp. v.*

2

*Hart*, 796 F.2d 976, 981 (7th Cir. 1986). Because the facts and circumstances alleged in Plaintiff's Motion for Recusal provide no reason to doubt the undersigned's impartiality, the motion is denied.

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Focus Features, Universal Pictures, and Stay Gold move to dismiss for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pleaded factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A plaintiff's factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim. *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although courts must accept all well-pleaded factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

Defendants Focus Features, Universal Pictures, and Stay Gold argue that Plaintiff has failed to plead a copyright infringement claim. "To prevail on [a] copyright infringement claim,

3

[a plaintiff] must prove 'ownership of a valid copyright and copying of original elements of the work.'" *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962-63 (8th Cir. 2005) (quoting *Mulcahy v. Cheetah Learning, LLC*, 386 F.3d 849, 852 (8th Cir. 2004)).  A plaintiff may establish the "copying" element by presenting direct evidence or by showing that the defendant had access to the copyrighted materials and that a substantial similarity exists between the alleged infringing materials and the copyrighted materials.  *Id*. at 964.

Having thoroughly reviewed and liberally construed Plaintiff's Complaint and other filings, the Court agrees with Defendants that Plaintiff has failed to state a plausible copyright infringement claim.  The allegations in Plaintiff's Complaint and other filings are insufficient to create the reasonable inference that Plaintiff owned a valid copyright at the time Defendants allegedly stole his creation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted, and the claims against all defendants are dismissed.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *Levi v. Anheauser-Busch Co. Inc.*, 2008 WL 4816668, at *5 n. 6 (W.D. Mo. Oct. 27, 2008) ("Given the unserved and unresponsive Defendants are in substantially the same position as all other Defendants, and the motions to dismiss before the Court are sufficient such that all of Plaintiff's claims may be dismissed based on those motions, the Court will include the unserved and unresponsive Defendants in the discussion of the motions to dismiss before the Court, and *sua sponte* dismiss Plaintiff's claims against them based on the analysis undertaken herein."); *TMT Mgmt. Grp., LLC v. U.S. Bank. Nat. Assoc.*, 2016 WL 730254, at *29 (D. Minn. Jan. 4, 2016) ("The Court acknowledges that [several defendants] did not move for dismissal.  In fact, [two of the defendants] have [not] made an appearance in this case.  Nonetheless, the Court recommends dismissal of these claims against these defendants with prejudice because, as set forth above, the claims fail as a matter of law.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal, Doc. [5], is **DENIED**.

**IT IS FURTHER ORDERED** that Stay Gold's Motion for Joinder in Defendants Focus Features and Universal Pictures Home Entertainment's Motion to Dismiss, Doc. [39], is **GRANTED**.

4

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [18], is **GRANTED**. The action is **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's pending motions, Docs. [22], [23], [25], [27], are **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of June, 2025.

                                                  SARAH E. PITLYK
                                                  UNITED STATES DISTRICT JUDGE